

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 DEC 12 PM 12: 27

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO:** 07- **318** |
| v. | * | **SECTION:** **R** |
| **MAYER FINKELSTEIN** | * | **VIOLATION:** 18 U.S.C. § 2252(a)(4)(B) |
| | | 18 U.S.C. § 2253 |
| | * | |

\* \* \*

### FACTUAL BASIS

Should this matter proceed to trial, both the government and the defendant, **MAYER FINKELSTEIN,** do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would prove the following beyond a reasonable doubt at trial:

The government would show that at all times mentioned in the indictment, the defendant, **MAYER FINKELSTEIN**, was a resident of the Eastern District of Louisiana, living and practicing law in New Orleans, Louisiana.

The government would present evidence that on or about May 14, 2007, Special Agents from the Federal Bureau of Investigation (FBI) obtained federal search warrants, based on probable cause, for the defendant's State Street residence and Camp Street law office, both of which are located in

New Orleans, Louisiana. Agents would testify that they recovered computers, DVDs, and CDs at both locations.

The government would establish through testimony and documentary evidence that **MAYER FINKELSTEIN** knowingly used his computer to search for, purchase, download, and save images of child pornography. Further, the evidence and testimony would establish that a computer forensic search of **MAYER FINKELSTEIN's** seized computers and related evidence revealed greater than 600 images and videos of child pornography.

Further, the government would introduce through FBI agents statements wherein **MAYER FINKELSTEIN** acknowledged to federal agents that he had subscribed to Internet child pornography websites on three prior occasions. After further questioning by FBI agents, **MAYER FINKELSTEIN** agreed that he had attempted to access to a child pornography website as recently as April 2007.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the child victims depicted in the images possessed by **FINKELSTEIN** were of real, identifiable victims, less than the age of eighteen (18) at the time the child pornography was created.

Testimony would establish that some of the child victims depicted in the materials possessed by **MAYER FINKELSTEIN** were of prepubescent children less than 18 years of age; to wit: less than twelve (12) years old and that the images of the child victims were engaged in "sexually explicit conduct" as defined in Title 18, United States Code, Section 2256. All of the images of child pornography possessed by the defendant, would be introduced through the testimony of FBI agents.

Further, the government would present evidence that would establish that the images of child pornography had been transported in interstate and foreign commerce via computer.

Further, the government would show through testimony and documentary evidence that the equipment used by the defendant to acquire the child pornography was transported in interstate or foreign commerce.

_____    8-10-07
MAYER FINKELSTEIN              DATE
Defendant

_____    8/10/07
RONALD J. RAKOSKY              DATE
Counsel for Defendant

_____    8/10/07
NATHAN S. FISHER               DATE
Counsel for Defendant

_____    8/10/07
ROBERT GLASS                   DATE
Counsel for Defendant

_____    8/10/07
ANTHONY BERTUCCI               DATE
Counsel for Defendant

_____    8/10/07
BRIAN M. KLEBBA                DATE
Assistant United States Attorney

3