

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Brian M. Klebba*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, B210*
*New Orleans, LA 70130*

*Telephone #:(504) 680-3079*
*Fax #: (504) 589-3594*
*Brian.Klebba@usdoj.gov*



August 10, 2007

Honorable \*\*\*
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re:    United States v. Mayer Finkelstein
           Criminal Docket No. \*\*\* 07-318"R"

Dear Judge \*\*\*:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Mayer Finkelstein, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Ronald J. Rakosky, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government will allow the defendant to plead guilty as charged to Count One of the bill of information charging the defendant with possession of child pornography and agrees that it will not bring any other charges in the Eastern District of Louisiana arising from defendant's possession, receipt, and purchase of child pornography in 2007.

    The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is ten (10) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

    Pursuant to Section 3E1.1, Acceptance of Responsibility, of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government will file a motion requesting an additional one (1) level decrease in the defendant's offense level, assuming the offense level prior to any reduction for acceptance of responsibility is a level 16 or greater.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The Government notes that there are no known restitution issues in this case.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to life pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

The defendant understands that he may have the right to request DNA testing of physical evidence in the Government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the Government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Pursuant to Title 18, United States Code, Section 2253, the defendant consents to the forfeiture of the items contained in Attachement "A" to this plea agreement. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

BRIAN M. KLEBBA
Assistant United States Attorney

RONALD J. RAKOSKY   8/10/07
Attorney for the Defendant

NATHAN S. FISHER   8/10/07
Attorney for the Defendant

ROBERT GLASS   8/10/07
Attorney for the Defendant

ANTHONY BERTUCCI   8/10/07
Attorney for the Defendant

MAYER FINKELSTEIN   8-10-07
Defendant

# ATTACHMENT "A"

1. Dell Dimension 4700 computer, service tag number G2S9Y61, with Western Digital hard drive, serial number WMAM93924286;

2. Dell Dimension 2400 computer, service tag number H4JM741, with Maxtor Diamond Max Plus 9 hard drive, serial number Y28Z7E9E;

3. Numerous CD's and DVD's.