UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Docket 07-CR-318-R |
| | * | |
| versus | * | October 15, 2008, 9:30 a.m. |
| | * | |
| MAYER FINKELSTEIN | * | New Orleans, Louisiana |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


SENTENCING BEFORE THE
HONORABLE SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the United States:        U.S. Attorney's Office
                              BY:  BRIAN KLEBBA, ESQ.
                              500 Poydras Street, Room HB-210
                              New Orleans, Louisiana 70130


For Mayer Finkelstein:        Glass & Reed
                              BY:  ROBERT GLASS, ESQ.
                              530 Natchez Street
                              New Orleans, Louisiana 70130


For Mayer Finkelstein:        RONALD J. RAKOSKY, ESQ.
                              700 Camp Street
                              New Orleans, Louisiana 70130


For Mayer Finkelstein:        ANTHONY M. BERTUCCI, ESQ.
                              730 Napoleon Street
                              Baton Rouge, Louisiana 70802

```
1   For Mayer Finkelstein:      NATHAN S. FISHER, ESQ.
                                301 St. Ferdinand Street
2                               Baton Rouge, Louisiana 70802

3
    Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
4                               500 Poydras Street, Room HB-406
                                New Orleans, Louisiana 70130
5                               (504) 589-7778

6

7
    Proceedings recorded by mechanical stenography, transcript
8   produced by computer.
```

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PROCEEDINGS**

**(October 15, 2008)**

1
2
3   **THE DEPUTY CLERK:** First up on the Court's criminal
4   docket: Criminal Case 07-318, U.S.A. versus Mayer Finkelstein.
5   Mr. Finkelstein, please, step up to the podium. Counsel,
6   please make your appearance for the record.
7          **MR. KLEBBA:** Good morning, Your Honor. Brian Klebba
8   on behalf of the United States.
9          **MR. GLASS:** Good morning, Your Honor.
10         **THE COURT:** You just have to speak loud.
11         **MR. GLASS:** Robert Glass for Mayer Finkelstein, who
12  is present in person, with Anthony Bertucci, Nathan Fisher, and
13  Ronald Rakosky.
14         **THE COURT:** This matter is before the Court for
15  sentencing. Is there any reason that sentence cannot be
16  imposed at this time?
17         **MR. GLASS:** No, Judge.
18         **MR. KLEBBA:** No, Judge.
19         **THE COURT:** Has the defendant received a copy of the
20  presentence investigation report?
21         **THE DEFENDANT:** Yes, I have, Your Honor.
22         **THE COURT:** Have you had an opportunity to read it?
23         **THE DEFENDANT:** Yes, I have.
24         **THE COURT:** I understand the government has no
25  objections to the report; is that correct?

1          **MR. KLEBBA:**  That's correct, Your Honor.

2          **THE COURT:**  I understand that the defendant has an
3    objection that goes to three paragraphs of the report.  The
4    defendant has objected to the first sentence in paragraph 15
5    and all of paragraphs 18 and 19 of the report, which concern a
6    polygraph test administered by the government.  Does either
7    party wish to be heard on these objections?

8          **MR. GLASS:**  No, Your Honor.  We submit.

9          **MR. KLEBBA:**  No.  Thank you, Your Honor.

10         **THE COURT:**  I'm going to sustain the objection.  I
11   have already ruled that the government's polygraph report is
12   not reasonably reliable and I would not consider the report in
13   sentencing.  Because my ruling was based only on the
14   reliability of the FBI agent's report, however, it does not
15   extend to the fact that the FBI requested a polygraph.  I,
16   therefore, overrule the defendant's objection to the first
17   sentence of paragraph 15 but sustain his objection as to
18   paragraph 18 and 19.  The Probation Office is incorrect that I
19   rejected the report solely because of the lack of underlying
20   data.  That was only one reason.  I also rejected the report
21   because it gave no reason for its conclusions, which would not
22   necessarily require revealing the underlying data.

23              Having ruled on these issues and concluding that
24   the presentence investigation report should be revised to
25   strike paragraphs 18 and 19, the Court, except for that

revision, adopts its statements as its findings of fact and
orders the report, except as to the sentencing recommendation,
filed in the record under seal.

    Mr. Finkelstein, you have been found guilty of
one count of knowingly possessing one or more matters depicting
a minor engaged in sexually explicit conduct, in violation of
18 U.S.C. §2252(a)(4)(B).

    The Court has consulted the United States
Sentencing Guidelines and determined that your advisory
sentencing range is a total offense level of 28 and a criminal
history category of I, which indicates an advisory range of:
78 to 97 months imprisonment; five years to life on supervised
release; a fine range of $12,500 to $125,000, plus the cost of
imprisonment or supervision; and a $100 special assessment.

    There was a Rule 11(c)(1)(A) plea agreement in
this case in which the defendant agreed to plead guilty to the
respective counts of the indictment and the government agreed
not to bring any more charges in the Eastern District of
Louisiana arising from the defendant's possession, receipt, and
purchase of child pornography in 2007.

    The Court accepts the plea agreement because it
adequately reflects the seriousness of the offense and does not
undermine the statutory purposes of sentencing.

    Mr. Finkelstein, is there anything you want to
say before I impose sentence?

1    **THE DEFENDANT:**  No, Your Honor, there isn't.  Thank

2  you.

3    **THE COURT:**  Mr. Glass?

4    **MR. GLASS:**  No, Your Honor.  We have worked very hard

5  to provide the Court in writing everything we thought

6  reasonably could affect the Court's difficult decision.  The

7  government has done so, as well, in its written submission.  We

8  would submit on the written presentation.  Thank you.

9    **THE COURT:**  Mr. Klebba?

10    **MR. KLEBBA:**  Your Honor, the government respectfully

11  requests this Court to sentence the defendant to a guideline

12  sentence based on the following:

13    Let me begin by addressing something from the

14  defendant's most recent filing, that is, that *Smith* and

15  *Armendariz* have not been overruled by *Gall* and *Kimbrough*.  *Gall*

16  was an ecstasy case where the defendant had withdrawn from the

17  conspiracy to live a law-abiding life and *Kimbrough* was a

18  cocaine/crack ratio case.  Both *Smith* and *Armendariz* are good

19  law in the Fifth Circuit and have not been overruled.

20    The defendant is convicted of possessing 14,183

21  images and 324 videos depicting the sexual victimization of

22  children.  Because of the excessive number of videos, the

23  defendant is actually considered to have possessed over 38,000

24  images of children being sexually abused.

25    The defendant's collection of images and videos

represents, in the characterization of the FBI agent involved in this case, "one of the most disturbing" he has seen and "one of the largest the New Orleans division has ever encountered." The images were "graphic," "hardcore" images of children of an "extremely young age."

According to the FBI, 85 percent of the more than 14,000 images possessed by the defendant were of children being raped by adults vaginally and orally. 95 percent of the videos were prepubescent children, children less than 12 years old, who were being raped by adult men.

The defendant used his credit card to purchase unlimited subscriptions to Web sites with titles such as "Super Elite Child Porno." The material on these sites was exclusively dedicated to the sexual victimization of children. These were not sites with images of children who were 17 but contained images of preschool-age children victims. According to law enforcement, the "Super Elite Child Porno" site contained no adult pornography.

The defendant also attempted on six different occasions to access the site offering itself as a "New Kiddie Site" from his law firm office and his home. This site advertised that there were no children over the age of 14. According to the site, it contained images such as "daddy teaches daughter about sex series" or "young girls tied up (S&M)" and "young boys tied up (S&M)."

1      The defendant has not lived a law-abiding life.

2   He was a purchaser, downloader, and collector of images of

3   children being sexually victimized.  He knew this was illegal

4   and that's why he had thousands of images on eight CDs

5   contained in an envelope in his law office which he asked his

6   friend to destroy should anything happen to him.  Remember the

7   defendant's own words:  "If and when this package reaches you,

8   please destroy the contents."

9      The guidelines are reasonable and their

10  application is appropriate in this case.  The defendant's

11  conduct, the horrible and abusive nature of the images of the

12  children -- infants being raped -- the thousands of images, and

13  other factors discussed in the government's sentencing

14  memorandum that need no further discussion all suggest the

15  guidelines is an appropriate sentence for this defendant.

16      In conclusion:

17      "When it comes to deciding how long the offender

18  should be punished for, we need to remember that the victims in

19  the case have also been punished, but their punishment is a

20  lifelong scar rather than just a few years like the offender.

21  We should try and make it more and more difficult for this type

22  of crime to occur, and the punishments for the pedophiles

23  should be more severe in hopes of making them think twice

24  before doing the act they do.  A slap on the hand is not proper

25  punishment for the loss of innocence and dreams of a child."

1    Judge, those are the words of a mother of a
2  young girl named Jessica.  The defendant downloaded and
3  possessed images that permanently memorialized Jessica's
4  horrible sex abuse.
5    Please deny the defendant's request for a
6  nonguideline sentence and sentence him according to the
7  guidelines.  Thank you.
8    **THE COURT:**  All right.  I have reviewed all of the
9  voluminous materials in this case.  I have received the
10 defendant's request for a sentence of probation.  I have
11 received the government's request that the defendant receive a
12 sentence at the top of the guideline range, which is concurred
13 in by the Probation Office.  For the reasons I am about to
14 state, I find that probation would be wholly unjustified.  I
15 find that the fact that the defendant has made this request
16 indicates that he still has not internalized the seriousness of
17 his defense.
18    I have considered the applicable guideline range
19 as well as other factors in §3553(a) and have determined to
20 give the defendant a sentence of 78 months, which is within the
21 guideline range.
22    First, it hardly needs to be said that you
23 committed a very serious offense.  You possessed 324 videos and
24 14,183 images of child pornography, the equivalent of 38,483
25 images.  This is 64 times the amount necessary to trigger the

maximum-quantity enhancement provided for in the guidelines.
Of these images:  Over 11,000 depicted children under the age
of 12; over 1,000 depicted toddlers; over 100 depicted sadism,
masochism, or bondage with prepubescent children; 2,517 images
involved known victims.

      According to the FBI agent who investigated this
case, your child pornography collection was one of the largest
and most disturbing the New Orleans division has ever
encountered.  I have reviewed some of the images myself and
agree that they are horrifying and brutal.  If anything, you
are more culpable, not less, than the typical possessor of
child pornography.

      Your personal history and characteristics cut
both ways.  On the one hand, you should have known better than
to commit this crime.  You are well-educated, you are old
enough to exercise mature judgment, and you have had access to
far greater education, support, and resources than most of the
criminal defendants who come before me.  You are also an
attorney and are no stranger to the law.

      On the other hand, you have no prior criminal
history, have been a productive member of your community and
the bar, and seem to have led an otherwise exemplary life.
Many people have attested to your generosity and good
character.  It is difficult to sentence somebody who has
contributed to his friends, relatives, community, and

1  profession in so many ways.

2       One aspect of your approach to this sentencing

3  has troubled me, however.  Although you have accepted

4  responsibility for your actions and have reached out to your

5  neighbors and friends, your letter to me and your motion seized

6  every opportunity to minimize the seriousness of your behavior.

7  You argue that you never understood that viewing child

8  pornography harms children by creating demand for the pictures

9  until you were told this by your psychiatrist after your

10  arrest.  I find this to be disingenuous coming from a

11  well-educated attorney like you.  It is inconceivable to me

12  that when you looked at these young children being raped that

13  you did not realize you were promoting the production of this

14  stuff by paying for it.

15       You also argued that you downloaded

16  indiscriminately and didn't realize the nature of some of these

17  images of young children, but it seems hard to believe that you

18  didn't notice that over 11,000 of your images were prepubescent

19  children.

20       The government has indicated that you attempted

21  multiple times to access the government-run Web site advertised

22  as containing images of S&M and depicting only children 14

23  years and younger.  Either you were, at worst, interested in

24  S&M with children or, at best, did not care that this site

25  promoted S&M, neither of which mitigates your offense.  In

light of this, I find a guideline sentence is necessary to reflect the seriousness of your offense, to promote respect for law, and to provide just punishment.

The principle of deterrence also weighs in favor of a guideline sentence. You claim that you are already sufficiently deterred from viewing child pornography; but even assuming this is true, I must still consider the deterrent effect your sentence will have on others. For crimes like this, which are difficult to detect, stricter punishments are necessary to adequately deter would-be offenders.

The sentencing factor relating to protecting the public does not warrant a below-guideline sentence. It is true you will be put on supervised release for the rest of your life and will not be able to use the Internet or to interact with unaccompanied children. On the other hand, the volume and nature of the images that you downloaded suggest a large and disturbing appetite for child pornography that is unlikely to dissipate without some serious professional treatment.

I also note in this regard that the personal sex video seized from you is especially disturbing. It is clear from the tape that you were using fantasies about having sex with a real person you knew as a child to excite yourself sexually.

You emphasize in your motion that there is no indication you have ever acted on the sexual impulses and

offered two psychological evaluations as evidence that you were unlikely to do so.  The Sentencing Guidelines already take into account the fact that your offense was possessing child pornography, not molesting children.  Had you engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, you would be looking at a lot more time than you are looking at here.

As I indicated, I have considered sentences other than a term of imprisonment.  For the reasons described, I find that a sentence of imprisonment best serves the purposes of sentencing.

Finally, a term of probation would lead to unwarranted disparities in sentencing.  The two criminal defendants convicted of possessing child pornography in this district this year were sentenced to 51 months and 108 months in prison.  Two years ago, I sentenced a 22-year-old first-time offender to 63 months in a case involving far fewer and far less disturbing images than the ones you possessed.  The only case you have brought to my attention where a sentence of probation was imposed involved circumstances far less egregious than those presented here today.

I have consulted the national statistics on sentences imposed after *Gall* and *Kimbrough* and found that the median sentence for possession by people with images of S&M and prepubescent children is 72 months, which is roughly in line

with the sentence I am imposing today.

As I mentioned before, I have carefully considered the guideline range and all of the factors listed in 18 U.S.C. §3553(a). Your offense warrants a substantial prison term; therefore, I am sentencing you to 78 months in prison. This sentence is reasonable because it takes into account your offense conduct is more serious than most child pornography cases, but also takes into account you have otherwise been a law-abiding and productive member of the community, which is why you are being sentenced at the bottom of the guideline range.

It is further ordered that you will pay to the United States a fine of $12,500. I find you do not have the ability to pay interest and I waive the interest requirement in this case. The payment of the fine of $12,500 shall begin while you are incarcerated. Upon your release, any unpaid balance shall be paid at the rate of $500 per month. This payment is subject to increase or decrease depending on your ability to pay.

Upon your release from imprisonment, you shall be placed on supervised release for a term of life as to Count 1. Within 72 hours of your release from the custody of the Bureau of Prisons, you shall report in person to the Probation Office in the district where you are released.

While you are on supervised release, you shall

comply with the mandatory and standard conditions of supervised release that have been adopted by this Court and you shall not possess a firearm.  In addition, I impose the following special conditions:

(1)  The orientation and life skills condition;

(2)  The drug abuse treatment and/or testing condition;

(3)  The financial disclosure condition;

(4)  The financial restriction condition;

(5)  You shall pay any fine that is imposed by this judgment;

(6)  You shall not possess or use for any purpose a computer, television, or other instrument of communication equipped with online Internet or World Wide Web access;

(7)  You shall not access computers or other forms of wireless communications via third parties;

(8)  You shall not be employed in any capacity wherein you have access to computers, televisions, or other instruments of communication equipped with online Internet or World Wide Web access;

(9)  You shall participate in and comply with a mental health treatment program to include sex offender counseling and shall follow the specific instructions of the United States probation officer in regard to this treatment;

1          (10)  You shall complete and comply with sex

2    offender registration requirements and shall follow the

3    specific instructions of the United States probation officer in

4    regard to those requirements;

5          (11)  You shall have no unsupervised contact

6    with any child under the age of 18;

7          (12)  You shall not maintain employment or

8    volunteer with any agency allowing contact with children under

9    the age of 18.

10          You shall cooperate in the collection of a DNA

11    sample, and it is ordered that you shall pay the special

12    assessment fee of $100, which is due immediately.

13          Mr. Finkelstein, in your plea agreement, you

14    agreed to waive your right to appeal your sentence unless it

15    was in excess of the statutory maximum.  Because the sentence I

16    imposed is below the statutory maximum, you have no right to

17    appeal your sentence.

18          I am going to order the defendant to surrender

19    himself to the institution designated by the Bureau of Prisons

20    by November 3, 2008.

21     **MR. KLEBBA:**  I have been informed by Officer Torres

22    that there's some new requirements mandated by the state as it

23    relates to sex offender registration.

24     **THE COURT:**  The defendant is reminded that he is

25    required to comply with state law, including sex offender

registration requirements, as a condition of his bond.  He
understands that.

You understand the terms of the self-surrender
order, do you not, sir?

**THE DEFENDANT:**  Yes.

**THE COURT:**  Is there anything further?

**MR. RAKOSKY:**  Judge, if I may, what Mr. Klebba just
brought to your attention I think suggests some confusion
between the government, the defense, and perhaps Pretrial
Services.

We understand the sex offender registration and
notification requirements to require just that, certain
registration with law enforcement, certain notification of your
whereabouts.  I think what Mr. Torres is talking about is
something completely separate, which addresses where a
defendant may reside.   Of course, starting November 3, he is
going to be residing in the custody of the Federal Bureau of
Prisons, but I think that Pretrial Services has it in its mind
that that statute that they are referring to, which is separate
from the notification and registration statute, would prohibit
him from sleeping in his own home tonight.

I take dispute with that interpretation of the
law.  I, frankly, think that in three weeks it becomes
essentially a nonissue.  Perhaps we could brief it or what have
you.  I would specifically ask that the Court, perhaps without

1  making a formal ruling on that aspect of Pretrial Services'

2  concerns, make it clear that Mr. Finkelstein would not be

3  committing a crime tonight to return to his home and residing

4  there until such time as he self-surrenders.  We have no

5  intention or expectation of asking for any further delay of the

6  self-surrender date.  These proceedings have gone on.  He has

7  taken steps to organize his affairs.

8        **MR. KLEBBA:**  Your Honor, if we could hear from

9  Pretrial Services Officer Brent Torres, he has more information

10 relative to this issue.  He has been to training, he just told

11 me, with the state probation office as well as the attorney

12 general's office.  I think what he may have to add could clear

13 this up for the Court.

14       **MR. TORRES:**  Your Honor, Brent Torres with Pretrial

15 Services.  The concern that we have, based on recent training

16 with the State of Louisiana through the attorney general's

17 office, in conversations and information we have received from

18 the state Probation and Parole office, we are concerned that if

19 the defendant returns to his residence he would be in violation

20 of La. R.S. 1491.2, which makes it unlawful for a sex offender

21 to reside within 1,000 feet of a school.

22       We have determined that Mr. Finkelstein's

23 residence is approximately 736 feet from a school, where he

24 resides.  We would need clarification if the Court determines

25 this law applies -- if he is allowed to reside there, if this

1     law applies to Mr. Finkelstein, then he would be in violation

2     of state law, which in turn would be a violation of his federal

3     bond.

4             **MR. RAKOSKY:**  If I might, Judge?

5             **THE COURT:**  I'm going to modify the bond requirement

6     as to that issue until such time as he reports on November 3,

7     at which time it will be active and in force.

8             **MR. TORRES:**  All right.

9             **THE COURT:**  Is that clear?

10            **MR. KLEBBA:**  Yes, Your Honor.  Thank you.

11            **THE DEPUTY CLERK:**  All rise, please.

12                                    * * *

13                           **CERTIFICATE**

14            I, Toni Doyle Tusa, CCR, FCRR, Official Court

15     Reporter for the United States District Court, Eastern District

16     of Louisiana, do hereby certify that the foregoing is a true

17     and correct transcript, to the best of my ability and

18     understanding, from the record of the proceedings in the

19     above-entitled and numbered matter.

20

21

22                              s/ Toni Doyle Tusa

                                      Toni Doyle Tusa, CCR, FCRR

23                                  Official Court Reporter

24

25