UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 07-318 |
| MAYER FINKELSTEIN | SECTION: R |

### ORDER AND REASONS

Before the Court is defendant Mayer Finkelstein's motion for declaratory and injunctive relief, as well as his motion requesting a status conference. For the following reasons, the Court DENIES defendant's motion for declaratory and injunctive relief and DENIES as moot the request for a status conference.

## I.   BACKGROUND

Defendant pleaded guilty to one count of possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B). On October 15, 2008, he was sentenced to 78 months in prison and ordered to pay a $12,500 fine.[1] Defendant currently resides at a halfway house in New Orleans and is set to be released on November 4, 2013.[2] The United States Probation Office ("USPO") rejected defendant's plan for supervised release because he indicated his intent to return to his long-time residence at 401 State Street. Because the

---

[1] R. Doc. 50.

[2] R. Doc. 57.

residence is within 1,000 feet of a school, it was the USPO's position that Finkelstein's presence at the home would violate Louisiana Revised Statute § 14:91.2, which is Louisiana's sex offender residency restriction statute.[3]  The law prohibits certain sex offenders from establishing a residence or being physically present within 1,000 feet of a public park or elementary or secondary school.  La. Rev. Stat. § 14:91.2.

Finkelstein filed this motion for declaratory and injunctive relief as part of his criminal action, seeking to enjoin the USPO and the State of Louisiana from enforcing the residency restriction statute against him.  He argues that the law violates the Ex Post Facto clauses of the U.S. and Louisiana Constitutions, or, in the alternative, that it either violates the First Amendment of the U.S. Constitution or constitutes a deprivation of his liberty or property without due process of law.  He also argues that the law is unconstitutionally vague and overbroad.

The Government opposes Finkelstein's motion.  It argues that Finkelstein may not invoke the Federal Rules of Civil Procedure to implead and enjoin the State of Louisiana and the USPO, both of which are non-parties to the criminal action, in the context of a post-judgment criminal case.

**II.  DISCUSSION**

Finkelstein challenges the constitutionality of La. Rev.

---

[3] R. Doc. 57-1.

Stat. § 14:91.2 and seeks to enjoin the State of Louisiana and its agents, as well as the USPO and its agents, from enforcing it against him.  However, neither the state, the USPO, nor their agents are parties to the captioned criminal matter, and there is no Federal Rule of Criminal Procedure authorizing defendant to implead them as parties.  Finkelstein is not attacking the constitutionality of the federal statute under which he was convicted; nor is he attacking the constitutionality of his sentence.  Rather, defendant is challenging the constitutionality of a state statute, both on its face and as applied to him.  The Attorney General for the State of Louisiana-not the United States-is the proper party to defend the statute.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for declaratory and injunctive relief.  The oral argument on the motion currently set for November 6, 2013 is hereby cancelled.  Defendant's motion requesting a status conference in preparation for oral argument is DENIED as moot.

New Orleans, Louisiana, this 21st day of October, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE