UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES                          CRIMINAL ACTION

VERSUS                                 NO: 07-318

MAYER FINKELSTEIN                      SECTION: R

### ORDER AND REASONS

Defendant Mayer Finkelstein moves this Court to reconsider the denial of his previous motion seeking declaratory and injunctive relief against the United States Probation Office ("USPO") and the State of Louisiana.  The motion, filed as part of his post-conviction criminal case, sought to enjoin the two entities from preventing him from returning to his residence in violation of Louisiana's sex offender residency statute. Finkelstein asks the court to construe that motion as a motion to modify the conditions of his supervised release pursuant to Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3583(e)(2).  Because those provisions do not permit a defendant to attack the legality of his sentence, and because Finkelstein waived the right to bring such a challenge, the Court DENIES the motion.

1

## I.    BACKGROUND

On December 12, 2007, defendant pleaded guilty to one count of possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B).  He was sentenced to 78 months in prison and ordered to pay a $12,500 fine.[1]  As Finkelstein neared the completion of his sentence, his probation officer rejected his plan for supervised release because Finkelstein indicated his intent to return to his long-time residence at 401 State Street in New Orleans, Louisiana. Because the residence is within 1,000 feet of a school, it was the probation office's position that Finkelstein's presence at the home would violate the state's sex offender residency restriction statute, Louisiana Revised Statute § 14:91.2.[2]  The law prohibits certain sex offenders from establishing a residence or being physically present within 1,000 feet of a public park or elementary or secondary school.  La. Rev. Stat. § 14:91.2.

Finkelstein filed a motion for declaratory and injunctive relief as part of his criminal action, seeking to enjoin the United States Probation Office ("USPO") and the State of Louisiana from enforcing the residency restriction statute against him.[3]  He argued that the law violates the *Ex Post Facto*

---

[1] R. Doc. 50.

[2] R. Doc. 57-1.

[3] R. Doc. 57.

2

clauses of the U.S. and Louisiana Constitutions, or, in the
alternative, that it either violates the First Amendment of the
U.S. Constitution or constitutes a deprivation of his liberty or
property without due process of law.  He also argued that the law
is unconstitutionally vague and overbroad.

The Government opposed Finkelstein's motion.[4]  It argued
that Finkelstein could not invoke the Federal Rules of Civil
Procedure to implead and enjoin the State of Louisiana and the
USPO, both of which are non-parties to the criminal action, in
the context of a post-judgment criminal case.  This Court denied
Finkelstein's motion, stating:

> Neither the state, the USPO, nor their agents are parties to
> the captioned criminal matter, and there is no Federal Rule
> of Criminal Procedure authorizing defendant to implead them
> as parties.  Finkelstein is not attacking the
> constitutionality of the federal statute under which he was
> convicted; nor is he attacking the constitutionality of his
> sentence.  Rather, defendant is challenging the
> constitutionality of a state statute, both on its face and
> as applied to him.  The Attorney General for the State of
> Louisiana–not the United States–is the proper party to
> defend the statute.[5]

Finkelstein filed this motion to reconsider on November 4, 2013.[6]
He argues that the Court can avoid a facial challenge to the
state statute by construing his motion for injunctive and

---

[4] R. Doc. 62.

[5] R. Doc. 64.

[6] R. Doc. 65.

3

declaratory relief as a motion to modify the terms and conditions of supervised release pursuant to Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3583(e)(2).  Finkelstein also argues that in fact he *is* attacking the constitutionality of his sentence and should be permitted to do so without first violating the terms of his release.

## II.  LEGAL STANDARD

A district court has considerable discretion to grant or to deny a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D.La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D.La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy*

4

*Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). In this case, however, the Court issued its order denying Finkelstein's motion for injunctive relief on the grounds articulated by the Government before the deadline had passed for Finkelstein to seek leave to reply to the Government's brief. Accordingly, the Court finds it appropriate to consider the new arguments articulated in Finkelstein's motion.

## III. DISCUSSION

### A.   Relief under Rule 32.1 and 18 U.S.C. § 3583(e)(2)

First, Finkelstein argues that the Court "may exercise its jurisdiction under the Federal Rules of Criminal Procedure—without reaching the constitutional issue—simply by examining whether the Louisiana statute that was enacted <u>after</u> Finkelstein committed his crime and pleaded guilty applies to him." He urges the Court to construe his motion for injunctive and declaratory relief against the State of Louisiana and the USPO as a "Motion to Modify Terms and Conditions of Supervised

Release" brought pursuant to 18 U.S.C. § 3583(e)(2) and Rule
32.1(c).  Section 3583(e)(2) permits a court to

> modify, reduce, or enlarge the conditions of supervised
> release, at any time prior to the expiration or termination
> of the term of supervised release, pursuant to the
> provisions of the Federal Rules of Criminal Procedure
> relating to the modification of probation and the provisions
> applicable to the initial setting of the terms and
> conditions of post-release supervision.

18 U.S.C. § 3583(e)(2).  Rule 32.1 articulates the procedures for
granting such a modification and, importantly, indicates that
"[t]he court's disposition of the case is governed by . . . §
3583 (supervised release)."  Fed. R. Crim. P. 32.1(c) and (d).

   Neither the Louisiana residency restriction statute nor the
probation officer's denial of his release plan is a "condition"
of Finkelstein's supervised release.  Rather, the condition of
supervised release that prompted the probation office to deny his
release plan is the standard condition articulated in 18 U.S.C. §
3583(d) that a defendant "not commit another Federal, State, or
local crime during the term of supervision . . . ."  To the
extent Finkelstein argues that this standard condition
incorporates La. Rev. Stat. § 14:91.2 by reference and that
compliance with the state law is an implicit condition of his
supervised release, he may not rely on 18 U.S.C. § 3583(e)(2) to
challenge the constitutionality of the condition, whether
facially or solely as applied to him.  *See United States v.
Zimmerman*, 481 F.App'x 199, 201 (5th Cir. 2012) (per curiam)

(unpublished) (holding that a defendant could not challenge the legality or constitutionality of the conditions of his supervised release in a § 3583(e)(2) motion) (citing *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999)).  As the Ninth Circuit observed in *United States v. Gross*,

> Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion. It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition.

307 F.3d 1043, 1044 (9th Cir. 2002).  This is especially true when, as here, the defendant explicitly waived his rights to appeal his sentence "on any ground," and to "contest his sentence in any post-conviction proceeding or collaterally challenge his sentence"[7] pursuant to a plea agreement.  *See United States v. Scallon*, 683 F.3d 680, 682-84 (5th Cir. 2012) (motion to modify original terms of defendant's supervised release was barred by defendant's waiver of right to appeal sentence "on all grounds" or to contest the sentence "in any post-conviction proceeding").

The Court acknowledges that Rule 32.1 may permit a defendant to challenge a probation officer's *interpretation* of a particular condition of supervised release.  As the Seventh Circuit observed in *United States v. Cutler*,

---

[7] *See* R. Doc. 21.

7

> Congress anticipated that probation officers might err or
> act unreasonably and it specified a remedy that a
> probationer might invoke in such cases. See Fed. R. Crim. P.
> 32.1(b) advisory committee's note ("in cases of neglect,
> overwork, or simply unreasonableness on the part of the
> probation officer, the probationer should have recourse to
> the sentencing court when a condition needs clarification or
> modification"). That remedy is Rule 32. 1, which permits a
> defendant to seek a clarification or a modification of the
> terms and conditions of his release.

259 F.App'x 883, 886 (7th Cir. 2008) (unpublished). *See also*
Fed. R. Crim. P. 32.1, advisory committee's note ("[T]he
probationer should be able to obtain resolution of a dispute over
an ambiguous term or the meaning of a condition without first
having to violate it."). But Finkelstein is not seeking
clarification of an ambiguous term. There is nothing ambiguous
about the requirement that he refrain from committing state
crimes. Nor is the state residency statute ambiguous, as it
clearly applies (whether constitutionally or not) to every
individual "convicted of a sex offense as defined in R.S. 15:541
when the victim is under the age of thirteen years[,]" without
making any exception for offenses committed prior to a certain
date.[8] Rule 32.1 is not a vehicle for Finkelstein to challenge

---

[8] In any event, the Court observes that the version of §
15:541 in effect at the time Finkelstein committed the crime *also*
defined "sex offense" to include child pornography. *See* La. Rev.
Stat. § 15:541(14.1) (2007) (""Sex offense" means deferred
adjudication, adjudication withheld, or conviction for the
perpetration or attempted perpetration of . . . any provision of
Subpart C of Part II *or Subpart A(1) of Part V of Chapter 1 of
Title 14 of the Louisiana Revised Statutes of 1950*, . . .")
(emphasis added).

the constitutionality of a state statute that unambiguously
applies to him.

### B.   Constitutional challenge to Finkelstein's Sentence

The Court observed in its order denying Finkelstein's
original motion that "Finkelstein is not attacking the
constitutionality of the federal statute under which he was
convicted; nor is he attacking the constitutionality of his
sentence."  In response, Finkelstein now argues that in fact he
*is* attacking the constitutionality of his sentence and should be
permitted to do so without first violating the terms of his
release.  He cites *United States v. Loy*, 237 F.3d 251, 257 (3d
Cir. 2001), and *United States v. Johnson*, 446 F.3d 272, 279 (2d
Cir. 2006), for the proposition that a defendant must be able to
challenge the conditions of his release without first risking
incarceration by violating the condition.

As the Court already noted, Finkelstein "expressly waive[d]
the right to appeal his sentence *on any ground*," and he agreed
"not to contest his sentence in any post-conviction proceeding,
*including but not limited to* a proceeding under Title 28, United
States Code, Section 2255."[9]  It is therefore irrelevant that a
defendant who has not waived those rights may appeal without

---

[9] R. Doc. 21 (emphasis added).

first violating the conditions of his release. *See Scallon*, 683 F.3d at 683 (holding that the terms of supervised release are part of a defendant's original sentence and that appeal was precluded by a waiver virtually identical to the one in this case).

In denying Finkelstein's release plan, the probation officer was merely enforcing the terms of his sentence, and Finkelstein has waived his right to challenge that sentence.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Finkelstein's motion to reconsider.

New Orleans, Louisiana, this  6th day of January, 2014.

_____
                SARAH S. VANCE
        UNITED STATES DISTRICT JUDGE